IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BONNIE PLANTS, INC.,            )<br>                                 )<br>     Plaintiff,                 )<br>                                 )<br>     v.                          )<br>                                 )<br>GREEN EARTH MEDIA GROUP,         )<br>LLC, a Pennsylvania              )<br>Limited Liability Company,       )<br>and JOAN CASANOVA, an            )<br>Individual,                      )<br>                                 )<br>     Defendants.                 ) | CIVIL ACTION NO.<br>2:20cv549-MHT<br>(WO) |

TEMPORARY RESTRAINING ORDER

The case is before the court on plaintiff Bonnie Plants, Inc.'s motion for a temporary restraining order.  For the reasons below, the motion will be granted.

In its motion for temporary restraining order, plaintiff Bonnie Plants, Inc. ("Bonnie") provides declarations attesting to the following facts. Bonnie and defendants Green Earth Media Group, LLC ("GEM") and Joan Casanova ("Casanova" and, together with GEM, "Defendants") were parties to a business relationship

whereby defendants received and were privy to confidential, sensitive business information relating to Bonnie's business operations, customers, employees, and products (the "Confidential Information"). The Confidential Information belongs exclusively to Bonnie, and defendants agreed to maintain the Confidential Information in confidence, and to use it only in connection with providing public relations and customer service-related services to Bonnie. The parties' relationship has ended, Bonnie has demanded return of its Confidential Information, as well as a promise not to use or disclose such information, and the defendants have failed and refused to return the Confidential Information or to make such a promise. Instead, the defendants have expressed their intention to provide and/or release Bonnie's Confidential Information to the press and/or the public unless Bonnie pays defendants millions of dollars by August 4, 2020.

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a

substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989)).

The court finds that a temporary restraining order should be granted. Bonnie has demonstrated a substantial likelihood of success on the merits of its claims against defendants. Bonnie is being subjected to an immediate threat of disclosure of its Confidential Information. If defendants follow through on their threat, Bonnie will be irreparably harmed due to the nature of the Confidential Information at issue. The balance of harms weighs in favor of Bonnie because the

defendants will lose nothing by the entry of this temporary injunction.  The public interest will not be adversely affected by the issuance of the requested temporary restraining order.  The court further finds that this temporary restraining order should be issued now, before hearing from the defendants, because specific facts in the affidavits "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A). Finally, the plaintiff's attorney has met the requirements of Federal Rule of Civil Procedure 65(b)(1)(B).

***

Accordingly, it is ORDERED as follows:

(1) Plaintiff Bonnie Plants, Inc.'s motion for a temporary restraining order (doc. no. 2) is granted.

(2) The defendants are hereby RESTRAINED and ENJOINED from directly or indirectly using, disclosing,

disseminating, releasing, or in any way making public information, documents, and/or knowledge received by the defendants from or regarding plaintiff Bonnie Plants, Inc. or its business operations, employees, or products during the course of the parties' business relationship.  This temporary restraining order applies to GEM, Casanova, GEM's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of the foregoing.

(3) Plaintiff Bonnie Plants, Inc. is not required to post a bond because this temporary restraining order will not result in any financial harm to the defendants.

(4) This temporary restraining order will expire at 4:15 p.m. Central Time on August 14, 2020.

(5) The court will revisit the issue of a bond at the hearing on plaintiff Bonnie Plants, Inc.'s request for a preliminary injunction.

(6) A hearing on the motion for preliminary injunction (doc. no. 2) is set for August 10, 2020, at

10:00 a.m, via videoconference.  The courtroom deputy shall arrange for the videoconference.

DONE, this the 31st of July, 2020, at 4:15 p.m.

                     /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE